**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**Shawn Mackey**                                                                    **PLAINTIFF**

**vs.**                                              **CIVIL ACTION NO. 3:23-CV-582-CWR-FKB**

**Airbnb, Inc. and Pamela Fohler**                                        **DEFENDANTS**

## DEFENDANT PAMELA FOHLER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND MEMORADUM IN SUPPORT

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** .................................................................................................................1

**ARGUMENTS** ...................................................................................................................2

**I.    PLAINTIFF'S CLAIMS AGAINST FOHLER SHOULD BE DIMISSED FOR LACK OF PERSONAL JURISDICTION**..................................................................2

    **A.  Plaintiff Bears the Burden of Establishing Personal Jurisdiction Over Fohler**...................................................................................................2

    **B.  Mississippi's Long-Arm Statute Does Not Provide Jurisdiction**...........................3

    **C.  The Exercise of Jurisdiction Over Fohler Would Violate Due Process**...................8

        **1.  Fohler Is Not Subject to General Jurisdiction in Mississippi**..............................9

        **2.  Fohler Is Not Subject to Specific Jurisdiction in Mississippi**...............................9

        **3.  The Exercise of Personal Jurisdiction Over Fohler Would Be Inconsistent with Fair Play and Substantial Justice**.........................................................................11

**II.   THE ENDS OF JUSTICE DO NOT REQUIRE THAT PLAINTIIFF'S RICO CLAIMS AGAINST FOHLER BE DECIDED IN THIS COURT**..............................12

**CONCLUSION.**................................................................................................................14

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*Allred v. Moore & Peterson*,
    117 F.3d 278 (5th Cir. 1997)....................................................................................2, 4, 6

*Anchor Glass Container Corp. v. Stand Energy Corp.*,
    711 F. Supp. 325 (S.D. Miss. 1989)..........................................................................2, 12

*Asahi Metal Indus. Co. v. Superior Court of California*,
    480 U.S. 102 (1987).........................................................................................................8

*Barnstone v. Congregation Am Echad*,
    574 F.2d 286 (5th Cir. 1978)..........................................................................................10

*Blanton v. Amer. Tool and Grinding Co.*,
    472 F. Supp. 257 (N.D. Miss. 1979)………...…………………………………......…5

*Bufkin v. Thermage, Inc.*,
    3:08 CV465 TSL–JCS, 2009 WL 114780 (S.D. Miss. Jan. 16, 2000)..................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)....................................................................................................8, 10

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir. 1986)..........................................................................................13

*Calder v. Jones*,
    465 U.S. 783 (1984)........................................................................................................9

*Caldwell v. Palmetto State Sav. Bank*,
    811 F.2d 916 (5th Cir. 1987)..........................................................................................13

*Choice Healthcare v. Kaiser Found*,
    615 F.3d 364 (5th Cir. 2010)..........................................................................................9

*Colwell Realty Investments v. Triple T. Inns*,
    785 F.2d 1330 (5th Cir. 1986).........................................................................................10

*Dale v. Mo. Gov. Jay Nixon's Office*,
    2011 WL 1810321 (S.D. Tex. 2011)................................................................................13

*Dalton v. R & W Marine, Inc.*,
    897 F.2d 1359 (5th Cir. 1990)..........................................................................................8

*E & M Props., Inc. v. Razorgator, Inc.*,
  2008 WL 1837261 (E.D. Mich. 2008)..................................................................................13

*Felch v. Transportes Lar-Mex, Sa De CV,*
  92 F.3d 320 (5th Cir. 1996)....................................................................................................8

*Giotis v. Appollo of the Ozarks, Inc.*,
  800 F.2d 660 (7th Cir. 1986)…………………………………………………………….5

*Gross v. Chevrolet Country, Inc.,*
  655 So. 2d 873 (Miss. 1995)..................................................................................................6

*Holt Oil & Gas Corp. v. Harvey*,
  801 F.2d 773 (5th Cir. 1986)................................................................................................10

*International Shoe Co. v. Washington,*
  326 U.S. 310 (1945)................................................................................................................8

*Jobe v. ATR Marketing, Inc.*
  87 F.3d 751 (5th Cir. 1996)....................................................................................................4

*Latshaw v. Johnston*,
  167 F.3d 208 (5th Cir. 1999)..................................................................................................2

*Luv N' Care, Ltd.*,
  428 F.3d 465 (5th Cir. 2006)..................................................................................................2

*Panda Brandywine Corp., v. Potomac Electric Power Co.,*
  253 F.3d 865 (5th Cir. 2001)…………………………………………………………8

*Paul v. Int'l Precious Metals Corp.,*
  613 F. Supp. 174 (S.D. Miss. 1985)......................................................................................7

*Paz v. Brush Engineered Materials, Inc.*,
  445 F.3d 809 (5th Cir. 2006)..................................................................................................2

*Quick Technologies, Inc. v. Sage Group, PLC*,
  313 F.3d 338 (5th Cir. 2002)..................................................................................................2

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006)..................................................................................................2

*Sorrells v. R. & R. Custom Coach Works, Inc.,*
  636 So. 2d 668 (Miss. 1994)...........................................................................................3, 4

*Southmark Corp. v. Life Investors, Inc.*,
    851 F.2d 763 (5th Cir. 1988)……………...…………………...…………………...……………5

*Wilson v. Belin*,
    20 F.3d 644 (5th Cir. 1994)..................................................................................................4, 8

**Federal Statutes**

18 U.S.C. § 1965(b)......................................................................................................................12

18 U.S.C. § 1965(d)......................................................................................................................12

28 U.S.C. § 1391(b)......................................................................................................................12

**State Code**

Miss. Code Ann. § 13-3-57 (2020).................................................................................................3

Miss. Code Ann. § 97-3-82 (2020).................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(2)..........................................................................................................1, 10, 14

Fed. R. Civ. P. 12(b)(3)..................................................................................................................1, 14

Defendant Pamela Fohler ("Defendant" or "Fohler") request that this Court dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(3) for improper venue.

### INTRODUCTION

This matter stems from an ordinary business dispute that commenced after Plaintiff Shawn Mackey ("Plaintiff" or "Mackey") violated the House Rules at the Defendant's home in Memphis, Tennessee during his stay September 9-11, 2022.[1] Plaintiff filed this RICO action with various state claims on October 5, 2023. [Dkt. No. 5] Plaintiff asserts in conclusory fashion, without any factual support, that Fohler and Airbnb conspired to extort sums of money out of him. From this, Plaintiff badly asserts that Defendants' actions violate the RICO Act, federal and state anti-extortion laws, and Plaintiff's rights of privacy; Defendants' actions constituted intentional acts to inflict emotional damages upon the Plaintiff; Defendants breached the contract with Plaintiff and their duty of good faith and fair dealing; and Defendants acted willfully in deliberate or reckless disregard of applicable law and the rights of Plaintiff.[2]

This Court should dismiss Plaintiff's claims against Defendant Fohler pursuant to Rule 12(b)(2) for lack of personal jurisdiction because Fohler does not have sufficient contacts with the State of Mississippi to support this Court's exercise of jurisdiction over her. As demonstrated below, Plaintiff's Complaint lacks any factual allegations supporting his naked assertions of wrongdoing, and none exist. Further, the Court should dismiss this action pursuant to Rule 12(b)(3) for improper venue.

---

[1] *See* House and Pool Rules, attached hereto as Fohler's Exhibit A.
[2] Compl. ¶ 89.

1

<u>**ARGUMENT**</u>

**I.   PLAINTIFF'S CLAIMS AGAINST FOHLER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

**A.   Plaintiff Bears the Burden of Establishing Personal Jurisdiction Over Fohler.**

The Complaint acknowledges that Fohler is not a resident of Mississippi.[3] "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).  In determining whether a defendant is subject to personal jurisdiction, a district court must accept as true the uncontroverted factual allegations in the plaintiff s complaint. *Latshaw v. Johnston*, 167 F.3d 208, 210-11 (5th Cir. 1999). A *prima facie* showing is all that is required. *Luv N' Care, Ltd*., 428 F.3d 465, 469 (5th Cir. 2006). However, the court is not limited to considering only the assertions in the plaintiff's complaint; rather, it may also consider the contents of the record at the time of the motion, including affidavits. *Paz v. Brush Engineered Materials, Inc*., 445 F.3d 809, 812 (quoting *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir.2002)).

The plaintiff must establish the court's jurisdiction over each nonresident defendant for each claim asserted. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). A federal court sitting in diversity may exercise personal jurisdiction if "(1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the Fourteenth Amendment to the federal Constitution." *Paz*, 445 F.3d at 812. This same rule applies to the exercise of personal jurisdiction over a nonresident sued under civil RICO, unless the "ends of justice" require otherwise. *Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F. Supp.

---

[3] Compl. ¶10; *see also* Affidavit of Pamela Fohler ¶ 3, attached hereto as Fohler's Exhibit B.

325, 330 & n.10 (S.D. Miss. 1989).  As shown below, Plaintiff has failed to establish that this Court has personal jurisdiction over Fohler, nor has Plaintiff shown that the ends of justice require that Plaintiff's RICO claims against Fohler be decided in this Court.

### B.  Mississippi's Long-Arm Statute Does Not Provide Jurisdiction.

One of two circumstances in which a federal court sitting in diversity may exercise personal jurisdiction if the state's long-arm statute applies. Mississippi provides for jurisdiction over a nonresident defendant by statute as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (2020).

Stated differently, the court must find that: (1) Fohler entered into a contract with Mackey to be performed in whole or in part in Mississippi ("contract prong"); or (2) Fohler committed a tort, in whole or in part, against Mackey in Mississippi ("tort prong"); or (3) Fohler was "doing business" in Mississippi ("business prong"). *Sorrells v. R. & R. Custom Coach Works, Inc.,* 636 So. 2d 668, 671 (Miss.1994).  Plaintiff cannot establish that Fohler falls into any of these categories.

**(1)    Contract Prong:**  The Complaint does not allege that Fohler entered any contract to be performed in whole or in part in Mississippi. Although the Plaintiff's claims are based on a rental agreement, and although Mackey is a Mississippi resident, the July 19, 2022, agreement between Fohler and Mackey was to be performed entirely in Memphis, Tennessee, not in

3

Mississippi.[4]

    **(2)    Tort Prong:**  The tort prong of Mississippi Long-Arm Statute is satisfied only when a tort, or any part of it, is committed against the plaintiff in Mississippi. *Sorrells,* 636 So. 2d at 671. Plaintiff here has the burden to establish that the defendant committed a tort in whole or in part against him in Mississippi. *Wilson v. Belin*, 20 F.3d 644, 646-47 (5th Cir. 1994). The Fifth Circuit has carefully distinguished between damages and injury in interpreting Mississippi's Long-Arm Statute. "The term 'injury' commonly denotes the invasion of any legally protected interest of another" whereas "the term 'damages' is understood to mean the harm, detriment or loss sustained by reason of an injury." *Jobe v. ATR Marketing, Inc.* 87 F.3d 751, 753 & n. 2 (5th Cir. 1996).

    Plaintiff's Complaint alleges that Fohler's tortious acts caused him damages, in the form of emotional injury, economic damages, and damages to his business, marriage, and reputation.[5] The Fifth Circuit has carefully analyzed arguments like Mackey's under the Mississippi long-arm statute and completely rejected them. Applying Mississippi law, the Fifth Circuit has explained that losses and consequences like Mackey allegedly experienced in Mississippi are not tort injury within the meaning of the long-arm statute, or any other element of a tort. *Allred*, 117 F.3d at 282. Mississippi does not permit damages to serve as a proxy for injury in the personal jurisdiction calculate. *Id.* at 283 (original emphasis). Additionally, Mackey's insistence that "[i]n Mississippi, since marriage is a property right, this damage to the Plaintiff's marriage constitutes a damage to Plaintiff's property" is a misstatement of the law. Although there are property laws that govern personal and real property, "marriage" is not a property right in the State of Mississippi.

    Here, Mackey's claims do not arise out of a wrong that resulted in Fohler's presence in

---

[4] Compl. ¶¶ 16, 17, and 20.
[5] Compl. ¶¶ 7, 75, and 76.

Mississippi.  The fact that Mackey allegedly suffered economic harm in Mississippi does not confer jurisdiction.  *Blanton v. Amer. Tool and Grinding Co*., 472 F. Supp. 257, 258 (N.D. Miss 1979). The foreseeability of some impact in Mississippi as a result of alleged actions taken elsewhere by Fohler (in California) does not establish jurisdiction in Mississippi.  *See, Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Circ. 1988).  ("[T]he mere foreseeability of causing injury in another state is not a 'sufficient benchmark' for exercising personal jurisdiction.") (citations omitted). *See also, Giotis v. Appollo of the Ozarks, Inc*., 800 F.2d 660, 666 (7th Cir. 1986).

In Mississippi, "[a] person is guilty of extortion if he *purposely* obtains or attempts to obtain property of another or any reward, favor, or advantage of any kind by threatening to inflict bodily injury on any person or by committing or threatening to commit any other criminal offense, violation of civil statute, or the public or private revelation of information not previously in the public domain for the *purpose* of humiliating or embarrassing the other person, without regard to whether the revelation otherwise constitutes a violation of a specific statute. Miss. Code Ann. § 97-3-82 (2020).  The elements of extortion focus upon the state of mind of the person accused of extortion.   In the Complaint, Plaintiff alleges that "Pamela's [Defendant Fohler's] text was threatening and an **attempt to extort.** She assumed this would prevent [him] from pursuing [his] personal refund, filing a complaint about the discrimination that occurred to Airbnb, **and ensuring that [he] would pay the additional money she requested."**[6]  This is not true for a number of reasons.  First, Mackey has not come forward with some definite evidentiary facts to connect Fohler with discriminating against Mackey.  Next, Mackey has not provided any evidence that Fohler requested additional money from him.  And, even if she did request additional money,

---

[6] Compl. ¶ 49.

Mackey was aware that additional charges/penalties/fines could apply for violating any house rule(s).[7]  Finally, the Plaintiff has not provided sufficient evidence supporting that Fohler had the intent for an act of extortion. Even if this Court does entertain Mackey's allegations, they have no effect on the lack of personal jurisdiction over Fohler because they are unfounded.[8]

Plaintiff's allegations that Fohler committed a tort, in whole or in part, against him in Mississippi are not sufficient to satisfy the tort prong of the Mississippi long-arm statute. Mackey argues that because his marriage has suffered greatly and he has suffered property damage, economic monetary damages, damages due to invasion of privacy, and damages due to intentional infliction of emotional distress, Fohler should be hauled into court in Mississippi.   The courts disagree.  As mentioned above, the *effects* of actions or *consequences* do not amount to an actual tort injury.  Additionally, damages alone, are insufficient to support personal jurisdiction under the Mississippi long-arm statute.  *Allred,* 117 F.3d at 283.  Like *Allred*, Mackey has alleged "injuries" that are actually "resultant consequences."  Mackey has provided no evidence supporting the exercise of personal jurisdiction through the use of the Mississippi long-arm statute over his alleged tort claims.

**(3)   Doing-Business Prong:**  The general requirements for jurisdiction under the "doing business prong" of the Mississippi long-arm statute are that: "(1) the nonresident . . . must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." *Gross v. Chevrolet Country, Inc.,* 655 So. 2d 873, 877 (Miss.1995).

---

[7] Compl. ¶ 25, *See also*, Plt. Ex. 2, and Fohler's. Ex. A.
[8] Fohler's Ex. B. ¶¶ 17-21

6

The Complaint alleges that the Defendants regularly conduct business in this district.[9] It further alleges that "*on information and belief*, many of Fohler's (and Airbnb's) guest are residents of the neighboring state of Mississippi."[10] These conclusory allegations are simply not true. Fohler affirmatively states that she did not at the time of the filing of this action, does not now, and never has maintained a place of business within Mississippi.[11]  Fohler has never owned any real or personal property in Mississippi, never had a post office box or mailing address in Mississippi, never had a telephone number in Mississippi, never owned a bank account in Mississippi, never paid Mississippi income taxes or filed a Mississippi state tax return of any kind, she did not direct marketing efforts specifically towards Mississippi residents, and [her] property is available to any potential renter from anywhere in the world and she has no control over who is interested in renting the home.[12]

Plaintiff's Complaint clearly shows that he initiated contact with Fohler through the Airbnb portal in July of 2022 regarding Fohler's Property.[13] Fohler did not initiate contact with the Plaintiff.[14] *See Paul v. Int'l Precious Metals Corp.,* 613 F. Supp. 174, 176–77 (S.D.Miss.1985) (Barbour, J.) (holding that doing-business prong had not been satisfied when plaintiff initiated contact with defendant); *see also Bufkin v. Thermage, Inc.,* 3:08CV465 TSL–JCS, 2009 WL 114780, at *6 (S.D. Miss. Jan. 16, 2000) (finding doing-business prong absent where "contact was in response to [plaintiff's] earlier request" for services).

For the above reasons, the exercise of personal jurisdiction over Fohler is not authorized under Mississippi's long-arm statute.

---

[9]  Compl. ¶ 15.
[10] Compl. ¶ 11.
[11] Fohler Ex. B. ¶ 10.
[12] *Id.* at ¶¶ 7, 8, 9, 11, 12, 15, and 16.
[13] Compl. ¶ 18.
[14] Fohler Ex. B. ¶ 17.

### C. The Exercise of Jurisdiction Over Fohler Would Violate Due Process.

Even if Mackey could satisfy the Mississippi Long-Arm Statute, the exercise of personal jurisdiction over Fohler would violate due process. The exercise of personal jurisdiction over a nonresident defendant comports with due process principles only when two requirements are met. First, the nonresident defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state." *Felch v. Transportes Lar-Mex, Sa De CV,* 92 F.3d 320, 323 (5th Cir.1996) (citing *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.), *cert. denied,* 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315–17, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–77, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Second, the exercise of personal jurisdiction over the nonresident defendant "must not 'offend "traditional notions of fair play and substantial justice.'" *Felch,* 92 F.3d at 323 (quoting *Wilson,* 20 F.3d at 647; *Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 113–15, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987)).

"'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Panda Brandywine*, 253 F.3d at 867. General jurisdiction requires "continuous and systematic contacts" in the forum. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990). Specific jurisdiction is available only when the cause of action arises directly out of the nonresident defendant's purposeful contacts with the forum. *Id.* Fohler does not have sufficient contacts with Mississippi to support general or specific jurisdiction.

8

### 1. Fohler Is Not Subject to General Jurisdiction in Mississippi.

For general jurisdiction, "a defendant's contacts with the forum must be substantial; random, fortuitous, or attenuated contacts are not sufficient." *Choice Healthcare*, 615 F.3d at 368. The contacts of other defendants are irrelevant. *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."). The Complaint does not allege that Fohler has continuous and systematic contacts with the State of Mississippi. Nor could it, because:

- Defendant is a California resident.
- Defendant has been a California resident for over thirty (30) years.
- Defendant's driver's license is issued in the State of California.
- Defendant has never been a resident of the State of Mississippi.
- Defendant has never owned any real or personal property in Mississippi.
- Defendant has never had a post office box or mailing address in Mississippi.
- Defendant has never had a telephone number in Mississippi.
- Defendant did not at the time of the filing of this action, does not now, and never has maintained a place of business within Mississippi.
- Defendant has never owned a bank account in Mississippi.
- Defendant has never paid Mississippi income taxes or filed a Mississippi state tax return of any kind.
- Defendant has never visited the State of Mississippi.[15]

Thus, there is no basis for this court to exercise general jurisdiction over Fohler.

### 2. Fohler Is Not Subject to Specific Jurisdiction in Mississippi.

Fohler does not have purposeful contacts with Mississippi.  Fohler is a resident of the State of California.[16]  Fohler did not initiate or direct business dealings in or towards Mississippi.[17] Fohler did not at the time of the filing of this action, does not now, and never has maintained a place of business within Mississippi.[18]  Mackey initiated contact to Fohler through the Airbnb

---

[15] Fohler Ex. B. ¶¶ 3-13.
[16] *Id*. at ¶ 3.
[17] *Id*. at ¶¶ 15, 17.
[18] *Id*. at ¶10.

portal and agreed to rent Fohler's Property located in Memphis, Tennessee.[19]  In fact, all correspondences between Mackey and Fohler that made the basis of this lawsuit were over a period of nine days (September 9, 2022 – September 17, 2022) while Fohler was located in California. Fohler has not had any correspondence with Mackey since September 17, 2022.[20]  Fohler did not direct other alleged activities to Mississippi – she did not setup a phony email account pretending to be the Plaintiff with a deviant sexual internal reference, she did not send a photograph to Plaintiff's wife at her place of employment, and Fohler has never had any correspondence of any kind with Plaintiff's wife.[21]

Plaintiff's Complaint alleges that once the Plaintiff entered into the agreement to rent the Property, all three parties were in privity of contract.[22]  Even if true, which it is not, this does not subject Fohler to the personal jurisdiction.  The Supreme Court and Fifth Circuit have recognized that contracting with a resident of the forum state is insufficient to subject a nonresident such as Fohler to the forum's jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986), *cert. denied*, 481 U.S. 1015 (1987); *Colwell Realty Investments v. Triple T. Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986); *Barnstone v. Congregation Am Echad*, 574 F.2d 286, 288 (5th Cir. 1978).

The Plaintiff has not satisfied its burden of establishing jurisdiction in this matter, and consequently, its claims against Fohler should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

---

[19] Compl. ¶ 18.
[20] Fohler Ex. B. ¶ 18.
[21] *Id*. at ¶¶ 19-21.
[22] Compl. ¶ 80.

### 3. The Exercise of Personal Jurisdiction Over Fohler Would Be Inconsistent with Fair Play and Substantial Justice.

As discussed above, Plaintiff has not and cannot demonstrate that Fohler has minimum contacts with Mississippi. Moreover, even if Plaintiff could, due process would still require dismissal.

Fohler did not consent to Mississippi's jurisdiction in Mississippi, nor did she reasonably anticipate being hauled into court in the forum state. Asserting jurisdiction over Fohler would be unfair and unreasonable considering the substantial burden, disruption, and expense that Fohler would endure if forced to litigate a case thousands of miles from her home. Fohler is not a resident of, owns no property in, and has never set stepped foot inside Mississippi.[23] In fact, both Defendants are in California. Mississippi has no interest in adjudicating causes of actions against a nonresident individual who did not personally engage in any conduct in, or having any effect upon, Mississippi.

As you will see in the correspondences throughout Mackey's exhibits, Fohler informed Mackey of the House Rules prior to his arrival at the property; Mackey knew the home had security cameras, which were on the exterior of the home and open to the public; Fohler informed Mackey that all guests that come to the home need to be accounted for, as Airbnb insurance requires it; Fohler informed Mackey of the guest count;[24] Fohler informed Mackey of additional charges, penalties, fines for violating any house rule(s); and Fohler was professional and wanted the Plaintiff and his guest to have an enjoyable stay – she even gave him her phone number for him to call should there be anything he needed, so she could make his stay more enjoyable. The crux of this case is because the Plaintiff violated the House Rules of Fohler's property. Mackey has no

---

[23] Fohler Ex. B. ¶¶ 3, 7, and 13.
[24] Plt. Ex. 3. (*See* Property listing indicating nine guest)

11

interest in obtaining relief against Fohler in his personal capacity for the alleged claims, aside from attempting to harass her and intimidate her. Mackey initiated and directed his correspondence (from Mississippi) to Fohler, who was located in the State of California, about her property located in Tennessee.[25] None of Fohler's witnesses are located in Mississippi. Airbnb is located in California. Accordingly, any exercise of personal jurisdiction over Fohler would be unfair and unreasonable. Fohler should be dismissed from the Complaint with prejudice.

## II. THE ENDS OF JUSTICE DO NOT REQUIRE THAT PLAINTIFF'S RICO CLAIMS AGAINST FOHLER BE DECIDED IN THIS COURT.

The Plaintiff's Complaint asserts that venue is proper in this Court under the general venue statute 28 U.S.C. 1391(b), and the RICO venue provisions 18 U.S.C. § 1965(b) and (d),[26] but venue is not proper under either. The Plaintiff also apparently relies on the RICO statute as an alternative basis for personal jurisdiction, but for the reasons discussed above, personal jurisdiction is still lacking. Aside from Mackey's conclusory allegations that the acts of extortion were committed in this district and Defendants regularly conduct business in this district, the Complaint lacks any allegation of activity in this district, and there are no Mississippi defendants. Thus, the Complaint, on its face, shows that this venue is improper under the general venue statute.

Although Section 1965(b) has been interpreted to authorize the exercise of jurisdiction over RICO claims based on minimum contacts with the United States, as opposed to the forum state, this authority is limited, and a court may invoke this provision only when the "ends of justice" require it. *Anchor Glass*, 711 F. Supp. at 330 n.10; *see* 18 U.S.C. § 1965(b). The ends of justice do not require that Plaintiff's RICO claims be decided in this Court.

---

[25] Fohler's Ex. B. ¶ 14.
[26] Compl. ¶ 15.

Plaintiff's RICO claims center on allegations of extortion and wire fraud.[27] Although the Plaintiff resides in Mississippi,[28] all of Plaintiff's alleged RICO predicate acts occurred in California. Under these circumstances, the ends of justice would not be served by requiring Fohler to defend herself against Plaintiff's RICO claims in Mississippi. *See, e.g.*, *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) ("[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions."); *E & M Props., Inc. v. Razorgator, Inc.*, 2008 WL 1837261, at *7 (E.D. Mich. 2008) ("To assert personal jurisdiction over [defendant] for six causes of action, only two of which are federal in nature, based on inadequately pleaded RICO claims, would not serve the 'ends of justice.'").

Even if Plaintiff could plead cognizable RICO claims against Fohler and Airbnb (which he cannot), the ends of justice would not require this Court to exercise jurisdiction over such claims, because there is another venue (the Northern District of California) where all relevant acts occurred and where the Defendants would be subject to personal jurisdiction. *See Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) ("[T]he interests of justice may be best served by requiring the plaintiffs to begin at the beginning in the proper forum."); *Dale v. Mo. Gov. Jay Nixon's Office*, 2011 WL 1810321, *4 (S.D. Tex. 2011) (dismissing RICO claim where plaintiffs failed to demonstrate proper venue).

Plaintiff's claims provide no basis for this Court to exercise personal jurisdiction over Fohler. Plaintiff's claims against Fohler, therefore, should be dismissed for lack of personal jurisdiction and improper venue.

---

[27] Compl. ¶¶ 64-65.
[28] *Id*. at ¶ 8.

## CONCLUSION

For all the foregoing reasons, Defendant Pamela Fohler request that this Court issue and Order dismissing Fohler with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

*(Signature on following page)*

14

Respectfully submitted,

Dated:  December 18, 2023.                /s/ *Amy L. Robertson*
                                          Amy L. Robertson (MSB No. 106026)
                                          **WOOD, SMITH, HENNING & BERMAN, LLP**
                                          11 North Water Street
                                          10th Floor
                                          Mobile, Alabama 36602
                                          Telephone: (251) 515-2116
                                          Email: arobertson@wshblaw.com
                                                 lbaker@wshblaw.com
                                                 lpellecer@wshblaw.com
                                          ***Attorney for Defendant Fohler***

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to all counsel of record.

                                          */s/ Amy L. Robertson*
                                          AMY L. ROBERTSON

15

# HAVE FUN BUT FOLLOW OUR RULES

## WIFI INFORMATION

WIFI NAME: LBC

PASSWORD:
littlebitcountry123
(all lower case)

## GUEST COUNT

- The Guest Count that arrives must not exceed the Guest Count in the booking. AirBnB and our insurance requirements are very strict.

- If you arrive with more guests, you may be asked to leave, forfeit all payments and be fined $250.

## POOL RULES
### SHARED SPACE

**Pool is open: 9:30 AM – 9:30 PM**
Pool season is from June to October

- **The pool is for REGISTERED GUESTS ONLY.**
- **Use the bathroom- NOT OUR POOL**
- **Children must be supervised by an Adult at all times.**
- **Rinse off before getting into the pool**
  Go easy on hair and skin oil this will damage the pool
- **No glass, food or drinks in the pool**
- **Swimsuits are required.**
- **Please keep furniture out of the pool at all times.**
- **Brown towels is provided to use at the pool *& BATHING***

## NO SMOKING OR VAPING

NO SMOKING OR VAPING allowed **ANYWHERE** on the property

## QUIET HOURS

- Quiet hours are from **9:30pm to 9:30am** daily.

- Quite hours include no hanging outside at the parking area/playing basketball or the front of the house.

**Fohler's Exhibit A**

# HOUSE RULES

1) NO SMOKING OR VAPING allowed ANYWHERE on the property.

2) The pool is for REGISTERED GUESTS ONLY.

3) Parking allowed on the LEFT SIDE of the driveway where Airbnb signs are posted. DO NOT park in front of the garage doors or on the right side of the driveway.

4) SECURITY CAMERAS on the exterior of the house are in use at all times and are used to verify Guest count, noise, and any disturbances.

5) The Guest Count that arrives must not exceed the Guest Count in the booking. AirBnB and our insurance requirements are very strict. If you arrive with with more guests, you may be asked to leave, forfeit all payments and be fined $250.

6) Guests may not be local to the Memphis area. You will be asked to leave and forfeit all payments and be fined $250.

7) The booking is for the First Level (Main lower level of the house) ONLY of our home as described in the listing details, not the entire House or the upstairs is included.

8) There may not be excessive noise.

9) Things happen so please let us know as soon as possible if something gets broken or needs attention.

11) Please use the bathroom NOT the pool.

12) No glass, food or drinks in the pool.

13) Please keep furniture out of the pool at all times.

14) ONLY Booked Guest are allowed to use the Pool.

15) Swimsuits are required.

16) Brown towels are provided for use at the pool. & BATHING

17) Pool Hours 9:30am to 9:30pm and Pool season is from June to Oct.

18) Quiet hours are from 9:30pm to 9:30am daily. Quite hours include no hanging outside at the parking area/playing basketball or the front of the house.

19) If the police are called to the property for any reason, there is a $500 fine. AT OUR SOLE DISCRETION

*There will be a $250 penalty/Fine (In addition to an fine specified above) for breaking any of these rules at our discretion.

*Excessive cleaning/Damages will result in additional charges including 10% upcharge on all costs.

*By Booking and Reserving any stay with us, regardless of check-in/out or completing your stay, you agree to these rules without any stipulations. Any violations of these rules will forfeit your ability to leave a public review and hereby authorize the removal of any subsequent review found to be left in such circumstances at our discretion. We are not requiring or requesting a positive review, only exercising authority to moderate the review. In th event we are unable to moderate the review there will be an additional $300 fine, you agree to by booking with us. Violating any rule(s) will result in forfeiture of your deposit and ALL fees and booking charges in full at our discretion and will be subject to additional fines and fees. We reserve the right to deny access/use of the pool or property at any time to anyone and the ability to remove you from the property at our discretion.



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SHAWN MACKEY**                                                    **PLAINTIFF**

**vs.**                                         **CIVIL ACTION NO.**
                                              **3:23:CV-582-CWR-FKB**

**AIRBINB, INC. and PAMELA FOHLER**                    **DEFENDANTS**

**AFFIDAVIT OF PAMELA FOHLER**

Defendant Pamela Fohler, ("Defendant") being duly sworn, deposes and says:

1. She is a named Defendant in this matter, and makes this affidavit in support of her Motion to Dismiss.
2. Defendant is over eighteen (18) years of age and believes in the obligation of the oath.
3. Defendant is a California resident.
4. Defendant has been a resident of California for over thirty (30) years.
5. Defendant's driver's license is issued in the State of California.
6. Defendant has never been a resident of the State of Mississippi.
7. Defendant has never owned any real or personal property in Mississippi.
8. Defendant has never had a post office box or mailing address in Mississippi.
9. Defendant has never had a telephone number in Mississippi.
10. Defendant did not at the time of the filing of this action, does not now, and never has maintained a place of business within Mississippi.
11. Defendant has never owned a bank account in Mississippi.
12. Defendant has never paid Mississippi income taxes or filed a Mississippi state tax return of any kind.
13. Defendant has never visited the State of Mississippi.

**Fohler's Exhibit B**

14. Defendant is the sole owner of the Property located at 3780 South Berlinwood Cove in Memphis, Tennessee.

15. Defendant did not direct marketing efforts specifically towards Mississippi residents.

16. Defendant's property is available to any potential renter from anywhere in the world and she has no control over who is interested in renting the home.

17. Defendant did not initiate any correspondence with the Plaintiff.

18. Defendant has not had any correspondence with the Plaintiff since September 17, 2022.

19. Defendant did not set up a phony email account pretending to be the Plaintiff with a deviant sexual internal reference shawn69@outlook.com.

20. Defendant did not send a photograph to Plaintiff's wife, at her place of employment, through email with the pretext subject "I like your purse."

21. Defendant has never had any kind of correspondence with Plaintiff's wife.

*(Signature on following page)*

_Pamela Fohler_

STATE OF CALIFORNIA )
)
COUNTY OF _Alameda_ )

Sworn to and subscribed before me this __27th__ day of November, 2023.

_____
NOTARY PUBLIC

SHAKUSH KATTEL
COMM. # 2373538
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
MY COMMISSION EXPIRES
SEPTEMBER 03, 2025

My Commission Expires on:

__09/03/2025__