IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**Shawn Mackey**                                                                    **PLAINTIFF**

**vs.**                                                      **CIVIL ACTION NO. 3:23-CV-582-CWR-FKB**

**Airbnb, Inc. and Pamela Fohler**                                                 **DEFENDANTS**

### DEFENDANT PAMELA FOHLER'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

COMES NOW Defendant Pamela Fohler ("Defendant" or "Fohler"), by and through undersigned counsel, respectfully submits the following Reply Memorandum in Further Support of Her Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue as follows:

**ARGUMENT**

At its core, this case has nothing to do with Mississippi. It has to do with a Guest/Airbnb Member ("Plaintiff" or "Mackey") that violated the Defendant's House Rules (Doc. 16-1) while staying at her rental home in Memphis, Tennessee.[1] Fohler has been falsely accused of violating the Racketeer Influenced Corrupt Organizations Act ("RICO"), Intentional Acts of Extortion Under Common Law, Invasion of Privacy, Intentional Infliction of Emotional Distress, Willful Blindness and/or Reckless Disregard for the Truth, Breach of Contract, and Breach of Covenant

---

[1] Defendant respectfully refers this Court to Defendant's House Rules (Doc. 16-1) that address the guest(s) count, quiet hours, security cameras, additional charges/penalties/fines for violating any rule(s), and forfeiture of deposit and all fees and booking charges for violating any rule(s). Defendant respectfully refers this Court to Plaintiff's exhibits in the Complaint where it addresses (i) the Plaintiff should familiarize himself with the House Rules, (Doc. 1 at 26) (ii) there are additional charges/penalties/fines for violating any house rule(s), (*Id*. at 27) (iii) that by creating a reservation or booking or checking in, [he] agreed to this without stipulations – he was confirming he had read the House Rules and understood them in full, (*Id*.) and (iv) the listings that identify the guest(s) count (which was not twelve guests as Plaintiff alleges) and that Defendant ask that [guests] respect the rules. (*Id*. at 45, 46, 48, 50).

1

of Good Faith and Fair Dealing. (Doc. 1) The only reason this case was filed in Mississippi is because the Plaintiff is here. That is not enough.

This Court should dismiss Plaintiff's claims against Defendant pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue for the following reasons:

## I. PLAINTIFF HAS NOT SATISFIED HIS BURDEN IN ESTABLISHING JURISDICTION IN THIS MATTER

### A. The Plaintiff Has Failed to Make a Prima Facie Showing for Extortion.

In Mississippi, a person is guilty of extortion if he purposely obtains or attempts to obtain property of another or any reward, favor, or advantage of any kind by threatening to inflict bodily injury on any person or by committing or threatening to commit any other criminal offense, violation of civil statute, or the public or private revelation of information not previously in the public domain for the purpose of humiliating or embarrassing the other person, without regard to whether the revelation otherwise constitutes a violation of a specific statute. Miss. Code Ann. § 97-19-83 (2023).  Under 18 U.S.C. § 1951(b)(2), the term extortion means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

The crux of Plaintiff's lawsuit is based around alleged extortion acts by Fohler.  In Plaintiff's Response, he makes several allegations that the Defendant makes "threats of extortion," but does not support his argument with the necessary prima facie showing.  Plaintiff has not provided this Court with any evidence that Fohler threatened the Plaintiff to obtain or attempted to obtain any property from the Plaintiff.  The Plaintiff has not provided this Court with any evidence that Fohler harassed him about his review.  The Plaintiff has not provided this Court with any evidence that he was discriminated against for no reason. Plaintiff has not provided any evidence to this Court that Fohler sent an inappropriate email to Plaintiff's wife.  In fact, Plaintiff's

affidavit to this Court states that ". . . I was informed by my wife that she had received an email while she was at work (in Mississippi) from ***someone*** claiming to be Shawn69@gmail.com . . . ." (Doc. 20-1 at ¶ 10)

Because the Plaintiff has not made a prima facie showing of extortion as alleged in the Complaint, no basis exists for the exercise of personal jurisdiction.  Thus, Defendant's Motion to Dismiss should be granted.

II.    **THE REQUIREMENTS OF THE MISSISSIPPI LONG-ARM STATUTE HAVE NOT BEEN SATISFIED**

A.    **Defendant Fohler Did Not Enter Into a Contract [in whole or in part] to Be Performed in Mississippi.**

In Plaintiff's Response to Defendant Fohler's Motion to Dismiss, Plaintiff alleges that "[t]he plaintiff and the defendant Fohler made a contract which was performed, in part, in Mississippi, by the plaintiff Mackey." (Doc. 20 at 3) Plaintiff further alleges that multiple communications occurred between Fohler and Mackey prior to the execution of the contract, and that "*all of the plaintiff's performance of his part of the contract was performed in Mississippi*." (*Id*. at 4) Fohler disagrees.  Fohler did not enter into a rental agreement with the Plaintiff to be performed in any way, shape or form in Mississippi. The agreement between Plaintiff and Defendant was a reservation where Mackey would rent Fohler's home (located in Memphis, Tennessee) during the weekend of September 9-11, 2022.  As this Court is aware, contract performance is the process of fulfilling the promises in the contract. To perform the contract, the parties have to deliver the results they have promised. Mackey did not do that.  He violated the House Rules during the weekend of September 9-11, 2022.

As stated in Fohler's affidavit, she owns the home in Memphis, Tennessee. (Doc. 16-2 at ¶ 14)  As stated in Plaintiff's affidavit, he was looking for a place to stay in Memphis with some friends to see a ball game there. (Doc. 20-1 at ¶ 3) Mackey contacted Fohler through the Airbnb

3

website and [they] began negotiations for [Mackey] to rent her house in Tennessee. (*Id*. at 4) Plaintiff admits he initiated contact with Fohler through the Airbnb website.  Fohler did not purposely contact Mackey in Mississippi.  Additionally, even if an agreement was negotiated by the parties in various stages and various places, the courts have held that "merely contracting with a resident in the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *See Colwell Realty Investments v. Triple T Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986). The Plaintiff has failed to demonstrate how a contract, was performed in Mississippi. Thus, the contract prong is not triggered.

   B.    **Defendant Fohler Did Not Commit a Tort or Any Portion of a Tort in Mississippi.**

To determine whether Fohler is subject to jurisdiction under the long-arm statute in regard to Plaintiff's alleged tort claims, the Court must analyze whether the alleged tort(s), or any portion of the tort(s), was/were committed in Mississippi.

Fohler provided an affidavit stating that she did not setup a phony email account pretending to be the Plaintiff with a deviant sexual internal reference, she did not send a photograph to Plaintiff's wife at her place of employment, and she has never had any correspondence of any kind with Plaintiff's wife. (Doc. 16-2 at ¶¶ 19-21)  The Plaintiff does not challenge these representations by counter-affidavit, only that his wife informed him that she had received an email from *someone*. (Doc. 20-1 at ¶ 10) As addressed above, Plaintiff has not provided any evidence to this Court that Fohler was the sender of the inappropriate email to Plaintiff's wife.  Defendant further addresses that the last correspondence she had with the Plaintiff was on September 17, 2022.  The inappropriate email was sent *three days later* on September 20, 2022.

The Defendant did not send the Plaintiff's wife an inappropriate email. The Plaintiff has failed to make a prima facie showing for extortion. There has been no invasion of privacy – the

4

Plaintiff knew the home had security cameras on the exterior of the home and were open to the public. (Doc. 1 at 48) Plaintiff has provided no evidence to this Court for intentional infliction of emotional distress.  The Defendant did not commit any alleged tort, or any portion of an alleged tort, while the Plaintiff was in Mississippi.  Therefore, Plaintiff's allegations are not sufficient to satisfy the tort prong of the Mississippi long-arm statute.

### C.      Defendant Fohler Did Not Conduct Business in Mississippi.

Plaintiff did not pursue the doing business prong with respect to Fohler.  Plaintiff's counsel speculates that because of the proximity of Memphis to the state of Mississippi, there would be numerous contracts with Mississippi residents. (Doc. 20 at 5) The mere allegation that the Defendant conducts business in Mississippi because Plaintiff's counsel *feels* the Defendant conducts business in Mississippi is an unsupported allegation and attorney argument.  On this basis alone, the Court should reject this argument.

For the reasons above, the exercise of personal jurisdiction over Fohler is not authorized under Mississippi's long-arm statute.

### III.    THE ASSERTION OF JURISDICTION VIOLATES DUE PROCESS

### A.      Fohler is Not Subject to General Jurisdiction

As stated in Fohler's Motion, (Doc. 16 at 9) the Complaint does not allege that Fohler has continuous and systematic contacts with the state of Mississippi. Nor could it because:

> Defendant is a California resident.
> Defendant has been a California resident for over thirty (30) years.
> Defendant's driver's license is issued in the state of California.
> Defendant has never been a resident of the state of Mississippi.
> Defendant has never owned any real or personal property in Mississippi.
> Defendant has never had a post office box or mailing address in Mississippi.
> Defendant has never had a telephone number in Mississippi.
> Defendant did not at the time of the filing of this action, does not now, and never has maintained a place of business within Mississippi.
> Defendant has never owned a bank account in Mississippi.

Defendant has never paid Mississippi income taxes or filed a Mississippi state tax return of any kind.

Defendant has never visited the state of Mississippi.[2]

Plaintiff does not address the general jurisdiction argument, only speculates that "Plaintiff *suspects* that since the rental property at issue is located in Memphis, Tennessee, and Memphis directly borders the state of Mississippi, that defendant Fohler routinely rents her Tennessee House to Mississippi residents." (Doc. 20 at 9) The mere allegation that the Defendant conducts business in Mississippi because Plaintiff *suspects* the Defendant routinely rents her house to Mississippi residents relies on the very speculation forbidden by *Twombly* and *Iqbal*. Thus, there is no basis for this court to exercise general jurisdiction over Fohler.

**B.      Fohler is Not Subject to Specific Jurisdiction**

In Plaintiff's Response, he argues that Defendant Fohler's contacts with the forum state are directly affiliated with the controversy. (Doc. 20 at 7)  Even if the Court were to consider Plaintiff's arguments, they still fail.

First, contrary to Plaintiff's arguments, specific jurisdiction does not apply in this case. Fohler had contacts with the state of Mississippi because the Plaintiff initiated the contact through the Airbnb website to rent her home that is located in Tennessee. (Doc. 20-1 at ¶ 4) Additional correspondence between the parties continued because the Plaintiff violated the House Rules (Doc. 16-1) during his stay between September 9-11, 2022.  Not only did Fohler not initiate contact with the Plaintiff, but also did not setup the phony email account or send the inappropriate email to Plaintiff's wife. The Plaintiff's causes of action cannot arise out of or result from Fohler's forum-related contacts, because Fohler did not extort or attempt to extort Plaintiff's property, nor did she commit a tort or a portion of a tort in this forum.  In fact, Fohler has not had any correspondence

---

[2] Doc. 16-2 at ¶¶ 3-13:  Plaintiff does not challenge these representations by counter-affidavit.

with Plaintiff since September 17, 2022.[3] (Doc. 16-2 at ¶ 18)

Second, in support of his argument to the contrary, Plaintiff relies on *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119 (W.D. Pa. 1997). (Doc. 20 at 8, 9) But *Zippo* does not support Plaintiff's position. Not only is Airbnb's portal not an interactive web site, but even if it was, jurisdiction would still be improper because *Zippo* did not hold the mere operation of a commercially interactive website is sufficient to create specific jurisdiction. Rather, *Zippo* holds that where the defendant "sold passwords to approximately 3,000 subscribers in Pennsylvania and entered into seven contracts with internet access providers to furnish its services to their customers in Pennsylvania," the defendant had purposefully availed itself of the privilege of conducting business in Pennsylvania. *Id*. at 1126. In his Response, Mackey failed to address any cases decided since *Zippo*. For instance, in 2003, the court found no personal jurisdiction in New Jersey because the defendant's web sites, while commercial and interactive, did not appear to have been designed or intended to reach customers in New Jersey. *Toys "R" Us, Inc. v. Step Two, S.A*. 318 F.3d 446, 454 (3d Cir. 2003). Here, the Defendant did not purposefully direct her activities towards the forum through the Airbnb portal. As stated in her affidavit, the Defendant's property is available to any potential renter from anywhere in the world and she has no control over who is interested in renting the home. (Doc. 16-2 at ¶ 16) Additionally, Mackey and Fohler communicated

---

[3]Defendant respectfully refers this Court to Plaintiff's affidavit (Doc. 20-1 at ¶ 9) that states *"[t]his is the same phone number which sent the threatening text message to me on September 22, 2022, threatening to send compromising photographs and/or videos of me in the presence of another woman, to my wife."* This statement is incorrect. The last day that the Defendant corresponded to Plaintiff was **Saturday, September 17, 2022**. Plaintiff's Exhibit Transcript of Communications Through Airbnb Website (Doc. 20-2 at 11) also indicates that this text message was sent on September 22, 2022. However, if you look at the day above the text message it states Saturday. September 22, 2022, was on a Thursday. Defendant respectfully refers this Court to Plaintiff's Complaint (Doc. 1 at ¶ 43) where it correctly states September 17, 2022. Defendant's affidavit (Doc. 16-2 at ¶ 18) correctly states that the last correspondence was September 17, 2022.

through various mediums – they spoke by way of phone and text messaging, as well, not solely through the Airbnb portal.

Third, the exercise of personal jurisdiction would be unreasonable and unfair. In Plaintiff's Response, he incorrectly alleges that "Fohler does not assert nor argue any of the five factors as set forth in *Asahi*, that should be considered by the court in arguing the issue of reasonableness. (Doc. 20 at 10) That is not true. Fohler argued an entire section of her Motion discussing that the exercise of personal jurisdiction would be inconsistent with fair play and substantial justice. (Doc. 16 at 11, 12) Although not listed as ("1-5") in her Motion, the following were argued:

(1) Burden on the Defendant: Fohler did not consent to Mississippi's jurisdiction in Mississippi, nor did she reasonably anticipate being haled into court in the forum state. (Doc. 16 at 11) Asserting jurisdiction over Fohler would be unfair and unreasonable considering the substantial burden, disruption, and expense that Fohler would endure if forced to litigate a case thousands of miles from her home in California. *Id*. Fohler is not a resident of, owns no property in, and has never stepped foot inside Mississippi. *Id*. In fact, both Defendants are in California. *Id*.

(2) Interests of the Forum: Mississippi has no interest in adjudicating causes of actions against a nonresident individual who did not personally engage in conduct in, or have any effect upon, Mississippi. *Id*.

(3) Interests of the Plaintiff: The same relief for the Plaintiff is available in Mississippi and California.

(4) Efficient Administration of Justice: None of Fohler's witnesses are located in Mississippi. (Doc. 16 at 12) Both Defendants are in California. (*Id.* at 11)

8

(5)    Policy Arguments:  Fohler did not suggest any policy arguments that would be furthered by permitting this case to be heard in Mississippi, as it does not favor either party in Fohler's assessment of the reasonableness criteria.

**CONCLUSION**

This matter arises out of Plaintiff's rental of a Tennessee property from a California resident. The Plaintiff's Complaint erroneously asserts that venue is proper in this Court under the general venue statute 28 U.S.C. § 1391(b) and the RICO venue provisions of 18 U.S.C. § 1965(b) and (d). However, venue is not proper under either as argued in her Motion. (Doc. 16 at 12)

For all the foregoing reasons, and the reasons set forth in the moving papers, Defendant Pamela Fohler request that this Court issue and Order dismissing Fohler with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Done this 27th Day of February 2024.

**WOOD, SMITH, HENNING & BERMAN LLP**
11 North Water Street, 10th Floor
Mobile, Alabama 36602
Telephone:  251-515-0530
arobertson@wshblaw.com
lbarker@wshblaw.com
ccallahan@wshblaw.com
lpellecer@wshblaw.com

*/s/ Amy L. Robertson*
Amy L. Robertson (MSB No. 106026)

*Attorneys for Defendant Fohler*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Amy L. Robertson*
AMY L. ROBERTSON