IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAWN MACKEY                                                    PLAINTIFF

VERSUS                                          CASE NO. 3:23-cv-00582-CWR-ASH

AIRBNB, INC. AND PAMELA FOHLER                                  DEFENDANT

**DEFENDANT AIRBNB INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION OR IN THE ALTERNATIVE
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Airbnb, Inc. ("Airbnb") hereby submits its Reply in Support of Motion to Compel Arbitration and Stay Proceedings or, Alternatively, Motion to Dismiss for Lack of Personal Jurisdiction (the "Reply" and the "Motion" (Dkt. 14)).[1]

**INTRODUCTION**

Plaintiff concedes that he agreed to a mandatory arbitration provision and that the agreement encompasses his claims in this case. Nonetheless, to attempt to unwind the agreement, Plaintiff alleges that the agreed arbitration provision and other unrelated provisions in Airbnb's Terms of Service ("TOS") are procedurally and substantively unconscionable. These arguments are entirely unsubstantiated. As an initial matter, Plaintiff does not even challenge the delegation clause, meaning that the Court must refer the case to arbitration and leave all remaining questions regarding unconscionability to the arbitrator. But even if the Court looks past the delegation provision, it will find that the arbitration agreement is neither procedurally nor substantively unconscionable. Finally, the Court need not concern itself with separate and unrelated provisions in the TOS (which themselves are not procedurally or substantively unconscionable) to determine

---

[1] In keeping with Plaintiff's Response, Airbnb separately files its reply in support of the motion to compel arbitration from its reply in support of the motion to dismiss for lack of personal jurisdiction.

the enforceability of the delegation clause or arbitration provision. Thus, the Court should enforce the arbitration agreement, including its delegation clause, to which Plaintiff agreed and refer this matter to arbitration without further consideration.

## I.    Plaintiff Agreed to an Enforceable Mandatory Arbitration Provision that Refers All Issues to an Arbitrator.

### A.  The Mandatory Arbitration Provision Indisputably Applies to Plaintiff's Claims.

Plaintiff does not dispute that he agreed to the TOS, and that his claims in this case fall within the scope of the TOS's mandatory arbitration provision.[2] While Plaintiff makes passing reference to the fact that he either did not read or only cursorily reviewed the TOS before clicking "accept," by conceding that a valid contract exists, he acknowledges that failure to read an agreement is no defense to contract formation. (Dkt. 23, pt. 9; Dkt. 23-1, ¶ 11.) *See Dlugolecki v. Peopleconnect, Inc.*, 2020 U.S. Dist. LEXIS 267901, at *8 (C.D. Cal. Nov. 9, 2020) (compelling parties to arbitration noting that plaintiff's apparent failure to read the TOS "does not aid him") (citing to *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 567 (9th Cir. 2014) ("As a general rule, a party cannot avoid the terms of a contract by failing to read them before signing."); *Patrick v. Running Warehouse, Ltd. Liab. Co.,* 2024 U.S. App. LEXIS 3233, at *9 (9th Cir. Feb. 12, 2024) (finding user "manifested assent to the Terms by clicking the 'Place Order' button to complete his purchase" which also included agreement to an enforceable arbitration provision). Thus, Plaintiff indisputably agreed to the TOS, and his claims fall within the arbitration provision's scope.

---

[2] Plaintiff's professed confusion over which version of the TOS applies is a red herring. Airbnb included TOS Version 10 to highlight Plaintiff's agreement upon creating his account with Airbnb. Plaintiff subsequently agreed to TOS Version 12 before booking the Premises. (Dkt. 14, pg. 3.) He thus had multiple opportunities to understand that by using Airbnb's online marketplace, he was agreeing to certain terms, including mandatory arbitration. Airbnb cited exclusively to TOS Version 12 throughout its Motion as the controlling version. Because Plaintiff does not dispute that he agreed to Version 12 and that it was controlling when he booked the Premises, Airbnb again will exclusively cite to Version 12 in this Reply. (Dkt. 23-1, ¶ 11; Dkt. 23, pg. 3 and 9.)

**B. The Court Should Enforce the Arbitration Agreement's Delegation Provision and Leave Any Remaining Questions for the Arbitrator.**

Given the undisputed arbitration agreement between Plaintiff and Airbnb, the Court need look no further than the arbitration agreement's delegation provision. (Dkt. 14, pgs. 8-9.) "Where an agreement to arbitrate includes a delegation clause, if a party challenges the enforceability of the delegation clause, the district court must consider the challenge, but if a party challenges the enforceability of the arbitration agreement as a whole, the challenge is for the arbitrator." *Saperstein v. Thomas P. Gohagan & Co.*, 476 F. Supp. 3d 965, 975 (N.D. Cal. 2020); *see also, Blaire v. Rent-A-Center, Inc.*, 928 F.3d 819, 822 (9th Cir. 2019) (same).[3] In his response, Plaintiff provides no meaningful challenge to delegation clause specifically. In fact, Plaintiff only references the delegation clause in a footnote where he summarily states that he challenges the delegation provision, but fails to make any substantive argument against it. (Dkt. 23, pg. 2 n.3.) Absent such a challenge, the Court must enforce it.

The United States District Court for the Northern District of California addressed a similar argument in *Saperstein*, quoted above. Just like Plaintiff here, the plaintiff in *Saperstein* argued that the arbitration agreement lacked mutuality. The Court held that "although Saperstein mentions the language of the delegation clause, he offers no meaningful argument that the delegation clause itself is substantively unconscionable." 476 F. Supp. 3d at 976-77. As Plaintiff does only in a footnote in his Response, the plaintiff in *Saperstein* made one conclusory statement that the delegation clause lacked mutuality. Because the plaintiff's argument was "not specific to the delegation clause," the court concluded that "the FAA requires enforcement of the delegation

---

[3] Plaintiff agrees that California law applies to this dispute and that Mississippi law mirrors California law in relation to substantive and procedural unconscionability. (Dkt. 23, pg. 5.)

provision in accordance with its terms. Whether any other provision of the parties' agreement might be unconscionable is for an arbitrator to decide." *Id*. The same analysis applies here.[4]

In his sole footnote reference to the delegation clause, Plaintiff cites one case—*Will-Drill Res., Inc. v. Samon Res. Co.*—to suggest that the Court rather than an arbitrator should decide whether the arbitration agreement is unconscionable. But that case is both inapposite and irrelevant. There, the plaintiff challenged the very existence of an agreement to arbitrate meaning the court was required to consider whether a contract existed before turning to the delegation clause. 352 F.3d 211, 217 (5th Cir. 2003). Here, Plaintiff concedes he agreed to the TOS and its arbitration provision and makes zero argument challenging the delegation clause specifically. Thus, under the applicable case law—*Rent-A-Center* and *Saperstein*—the Court must refer this dispute, including questions of unconscionability, to arbitration and need not address any further arguments concerning the arbitration agreement.

**C. Although the Court Need Not Reach this Issue, the Arbitration Agreement is Neither Procedurally nor Substantively Unconscionable.**

Given the delegation clause, the Court need not—and should not—consider any other arguments concerning the arbitration agreement's enforceability. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992). But for avoidance of doubt, the arbitration agreement is neither procedurally nor substantively unconscionable.

---

[4] Plaintiff suggests in his response that the Supreme Court's decision in *Morgan v. Sundance*, 142 S. Ct. 1708 (2022), undermines any prior cases that suggest a policy favoring arbitration. But *Morgan* stands only for the proposition that arbitration agreements should be enforced as any other contract. The Supreme Court did not overturn precedent that arbitration agreements be construed as broadly as possible or that a valid agreement to arbitrate creates a strong presumption of arbitration. *Id.* at 1712; *Rossi v. Purvis,* 2024 U.S. Dist. LEXIS 15376, at *12 (N.D. Cal. Jan. 29, 2024) (citing to *Morgan v. Sundance* when ordering plaintiff to arbitration because the arbitration agreement is "as enforceable as other contracts"). Here, there is no question Plaintiff entered a contract agreeing to arbitrate, and that contract should be enforced.

### *1. The Arbitration Agreement is Not Procedurally Unconscionable.*

Airbnb's arbitration agreement is not procedurally unconscionable, as it is neither oppressive nor surprising. Without citing a *single case*, Plaintiff argues the arbitration agreement is procedurally unconscionable because (i) it is a click-through adhesion contract, and (ii) the arbitration agreement appears in Section 23 of the TOS. These arguments fail for multiple reasons.

First, as a matter of law, contracts that "concern a nonessential activity" cannot be procedurally unconscionable because "the consumer always has the option of simply forgoing the activity." *Pokrass v. Directv Grp., Inc.*, 2008 U.S. Dist. LEXIS 110441, at \*18 (C.D. Cal. July 14, 2008); *Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466 (2006) ("[t]here can be no oppression establishing procedural unconscionability, even assuming unequal bargaining power and an adhesion contract, when the customer has meaningful choices."). Plaintiff could have used any number of other websites to make a reservation but instead chose to book an accommodation through Airbnb's online marketplace. The Court need go no further.

Second, regardless, neither click-wrap nor adhesion contracts are *per se* unconscionable as Plaintiff suggests. *See Gurule v. Airbnb, Inc.*, 2023 U.S. Dist. LEXIS 216200, at \*6 (C.D. Cal. Dec. 4, 2023) (upholding Airbnb's arbitration agreement over plaintiff's adhesion contract argument); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) (holding "[a]dhesion contracts are not automatically void" and affirming district court's order to arbitrate); *Plazza v. Airbnb, Inc.*, 289 F. Supp. 3d 537, 558 (S.D.N.Y. 2018) (rejecting argument that Airbnb's arbitration agreement was unconscionable given lack of negotiation). As noted in Airbnb's Motion, online contracts—like the TOS—are no different than any other contract. Affirmatively clicking an online "accept"-type button constitutes an objective manifestation of assent. *See, e.g.*, *Patrick,* 2024 U.S. App. LEXIS 3233, at \*9; *Loewn v. Lyft, Inc.*,

129 F. Supp. 3d 945, 957-58 (N.D. Cal. 2015) (enforcing arbitration provision within terms where plaintiffs could scroll through terms before assent and then clicked "I agree"). The TOS was clearly hyperlinked when Plaintiff created his Airbnb account and again when he made the subject reservation through Airbnb's online marketplace. (Dkt. 13-1, ¶¶ 7-10 and 12-17.)

Third, while Plaintiff argues "surprise" because the arbitration agreement is in Section 23 and on page 18 of the TOS, Plaintiff fails to mention to the Court that the *top of the very first page* of the TOS informed Plaintiff in **bold: "Section 23 of these Terms contains an arbitration agreement and class action waiver that apply to all claims brought against Airbnb in the United States. Please read them carefully.** (Dkt. 13-1, Ex. G.) Numerous courts have held this prominent notice to be sufficient. *See, e.g., Njoku v. Airbnb, Inc.*, 2021 Cal. Super. LEXIS 84568, *12 (finding Airbnb's TOS neither procedurally nor substantively unconscionable); *Subkoff v. Johnson*, 2023 Cal. Super. LEXIS 19329, *6 (same); *Hernandez v. Airbnb Inc., et al.,* Los Angeles County California Superior Court Case No. BC706648 (Mar. 7, 2019) (holding that Airbnb's TOS and arbitration clause are not substantively nor procedurally unconscionable); *Selden v. Airbnb*, 4 F. 4th 148, 157 (D.C. Cir. 2021) (affirming that Airbnb's sign-up screen adequately placed plaintiff on notice of Airbnb's TOS and the arbitration clause therein); *Racioppi v. Airbnb, Inc.*, 2023 N.J. Super. Unpub. LEXIS 1200, at *10 (Super. Ct. App. Div. July 17, 2023) (same).

### 2. *The Arbitration Agreement is Not Substantively Unconscionable.*

Nor does Airbnb's arbitration agreement "shock the conscious" such that it is substantively unconscionable. Plaintiff appears to be arguing that Section 23.4 (the arbitration agreement and delegation provision) read with Section 23.5 creates a one-sided agreement by which "one party must arbitrate, while the other is free to go to court." (Dkt. 23 at 11-12.) This argument misstates

the agreement and is unsupported by the law.[5] First, Plaintiff misstates Section 23.5, which articulates exceptions to the arbitration provision that apply equally to Plaintiff and Airbnb. (Dkt. 13-1, Ex. G, § 23.5 ("You and Airbnb each agree that the following causes of action and/or claims for relief are exceptions to the Arbitration Agreement and will be brought in a judicial proceeding . . . .").) Both parties are free to go to court if the subject matter relates to Section 23.5, just like both parties are required to arbitrate if the claims fall under Section 23.4.

Second, while Plaintiff complains that Section 23.5 carves out from arbitration only claims that would benefit Airbnb (such as infringement, misappropriation, or violation of IP rights), he again misstates both the contract and the law. Contrary to Plaintiff's representations, Section 23.5's carve-outs are not so limited and include claims for emergency injunctive relief, public injunctive relief, and any claims related to sexual assault or sexual harassment. (Dkt. 13-1, Ex. G, § 23.5.) Moreover, Plaintiff provides no authority that these exemptions are improper. To the contrary, courts have explicitly sanctioned such carve-outs from arbitration clauses. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1250 (2016) (finding defendant's arbitration agreement not unduly harsh although it protected defendant's "confidential information" and other business-related claims that in practice would likely only apply to the defendant); *Farah v. J.P. Morgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 199871, at \*13 (C.D. Cal. Feb. 27, 2015) (finding arbitration provision enforceable even though it excluded certain claims because plaintiff failed to cite any authority that such exclusion would be "overly harsh"); *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1247

---

[5] In a footnote, Plaintiff also suggests that the arbitration agreement could be deemed unconscionable because of the fees associated with AAA arbitration. Plaintiff, however, cites the wrong AAA fee schedule (Commercial, where the arbitration agreement calls for application of the Consumer Rules) and provides no authority that fees can render an agreement unconscionable in any event. Moreover, the arbitration agreement provides that the arbitrator has discretion to reduce excessive fees. (Dkt. 13-1, § 23.8.)

(2016) (finding mere fact that employer is more likely to seek injunctive relief against employee does not render arbitration provision unconscionable).

Finally, neither of the cases Plaintiff cites support his argument that the arbitration agreement here is substantively unconscionable. In *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir. 2003), the court upheld longstanding California precedent that employers cannot make waiver of judicial rights a condition of employment for employees. *Id.* at 1172. In addition, the *Ingle* arbitration agreement covered all claims by the employee against the employer but no claims by the employer against the employee. *Id.* at 1173.  By contrast, there is no employee-employer relationship between Plaintiff and Airbnb, and Plaintiff and Airbnb are mutually bound to arbitrate. *Travis v. Engelhart CTP (US), LLC*, 2017 U.S. Dist. LEXIS 209400, at *5 (S.D. Cal. Dec. 20, 2017) is similarly inapposite. *Travis* again concerned an employer-employee agreement that gave the employer full discretion over which claims must be arbitrated. *Id.* at *8. By contrast, Airbnb has no discretion under its arbitration agreement concerning which claims are arbitrable.

Thus, even if the Court analyzes the conscionability of the arbitration provision—which it need not and should not do given the delegation clause—it will find that Plaintiff has failed to demonstrate that the provision is either procedurally or substantively unconscionable. *See supra* p. 6 (collecting cases upholding Airbnb's TOS against unconscionability challenges.)

## II.    The Court Need Not Consider Other Provisions of the TOS, Which are Not Unconscionable in any Event.

Having failed to address the delegation clause or demonstrate that the arbitration agreement is procedurally or substantively unconscionable, Plaintiff suggests that the Court could still refuse to enforce the arbitration agreement because *other* provisions of the TOS are unconscionable. But Plaintiff fails to cite any authority permitting the Court to consider independent irrelevant contract

provisions (such as a section on class actions, real or personal property damage, indemnification, or assumption of risk) in deciding the unconscionability of the arbitration provision. Indeed, Plaintiff cites only one case to support his argument—*Ferguson v. Countrywide Credit Indus.*—which is inapplicable here. (Dkt. 23, pg. 6.) *Ferguson* considered an employer-employee arbitration agreement (a special relationship absent here) and found the offending clauses *within* the arbitration agreement itself could not be limited or severed so as to save the remainder and compel arbitration. *Ferguson* in no way suggests that provisions within a contract entirely distinct from and unrelated to the arbitration provision could render the arbitration provision invalid.

In fact, courts have found precisely the opposite. *See Running Warehouse,* 2024 U.S. App. LEXIS 3233, at *18 ("a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate"); *Serafin v. Balco Props. Ltd*., LLC, 235 Cal. App. 4th 165, 185 (2015) (enforcing an arbitration agreement within a contract despite a separate severable unconscionable attorney fee provision); *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 711 (2003) (finding appeal provision of the contract unconscionable but ordering arbitration). The Court therefore should ignore Plaintiff's litany of complaints about provisions in the TOS other than the arbitration agreement.

Even if the Court were to consider the conscionability of those other provisions—and it should not—Plaintiff fails to cite a single case demonstrating unconscionability. Rather, Plaintiff simply quotes the provision and repeats the bald conclusion that it is unilateral or one-sided and shocking to the conscience. The law holds otherwise. For example:

- Plaintiff declares Section 4.2 Assumption of the Risk an "exculpatory clause that is unconscionable and shocks the conscious." (Dkt. 23, pg. 14.) But in *Truta v. Avis Rent a Car Sys*., 193 Cal. App. 3d 802, 820 (1987), the court upheld such a clause, stating there would be a "preposterous and chaotic consequence" if every contract with an assumption of the risk provision could be charged as unconscionable.

- Plaintiff argues that Section 20 Indemnification only applies to plaintiffs like him and therefore "shocks the conscious." (Dkt. 23, pgs. 11 and 16.) Plaintiff ignores that the provision applies only "if and to the extent that the claims, liabilities, damages, losses, and expenses have been adequately caused by your (the guest or host) culpable breach of a contractual obligation." (Dkt. 13-1, Ex. G, § 20.) And regardless, under California law, one-sided indemnification clauses are not *per se* unconscionable. *See Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 973 (1993) (finding "[i]ndemnification agreements are intended to be unilateral agreements").

- Plaintiff proclaims Section 19 Limitation on Liability "so egregious and unconscionable that they surely shock the conscious of any honest man." (Dkt. 23, pg. 11.) But under California law, limitations on liability are permitted so long as the contract does not provide an essential service or involve a public interest. *See Tunkl v. Regents of Univ. of Cal.*, 60 Cal. 2d 92, 98 (1963) (explaining that limitations on liability are enforceable except where party disclaiming liability provides an essential service of practical necessity to the public).

- Plaintiff also argues that Section 22 United States Governing Law and Venue is substantively unconscionable because Airbnb selected San Francisco as the venue. (Dkt. 23, pg. 13 and 16.) First, Section 22 allows for other venues if there is agreement by the parties. (Dkt. 13-1, § 22.) Second, mere inconvenience is not sufficient to establish unconscionability of a venue provision. *Mickelsen v. Assistance, L.L.C.*, 2024 U.S. Dist. LEXIS 20060, at *7 (C.D. Cal. Jan. 2, 2024) (finding forum-selection clause not substantively unconscionable).

In short, Plaintiff provides no basis for the Court to even consider the enforceability of unrelated contractual provisions in determining the enforceability of the arbitration provision. But even if the Court were to examine the other provisions highlighted by Plaintiff, it would find Plaintiff failed to demonstrate those provisions as relevant or procedurally or substantively unconscionable. The Court should ignore this argument.

### CONCLUSION

Plaintiff admits he agreed to the mandatory arbitration provision in the TOS; the arbitration provision's scope includes his claims; Plaintiff fails to mount any specific attack on the delegation clause; and the arbitration agreement is not procedurally or substantively unconscionable in any

event. Therefore, this Court compel Plaintiff's claims against Airbnb to arbitration and stay the

litigation.

RESPECTFULLY SUBMITTED, this the 20th day of March, 2024.

**CURRIE JOHNSON & MYERS, P.A.**
Attorneys for Airbnb, Inc.

BY:   *s/ J. Henry Ros*
          J. HENRY ROS (MSB 5668)

J. HENRY ROS (MSB 5668)
CURRIE JOHNSON & MYERS, P.A.
2355 Pass Road
Biloxi, MS 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email: hros@curriejohnson.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

ATTORNEYS FOR PLAINTIFF:

C.W. Walker, III, Esquire
C.W. Walker, III, LLC
512 Greenville, MS  38701
Via email: bill@bill-walker.com

Derrick T. Simmons, Esquire
Simmons & Simmons, PLLC
Post Office Box 1854
Greenville, MS  38701
Via email:  dtsimmons@simmonspllc.com

ATTORNEYS FOR DEFENDANT PAMELA FOHLER:

Amy L. Robertson, Esquire
Wood, Smith, Henning & Berman, LLP
11 North Water Street, 10th Floor
Mobile, AL  36602
Via email:  arobertson@wshblaw.com

THIS, the 20th day of March, 2024.

*J. HENRY ROS*

**J. HENRY ROS** (**MSB 5668**)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, MS   39532
Telephone: (228) 385-1010
Facsimile:  (228) 385-1011
Email:  hros@curriejohnson.com